UNITED STATE DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FOODXPERTISE LLC | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA No. |
| | ) |
| ALKU LLC | ) |
| | ) |
| Defendant | ) |

## COMPLAINT and JURY DEMAND

### PARTIES

1. Plaintiff Foodxpertise LLC (Foodxpertise) is California limited liability company. Foodexpertise and its principal, Adam Cobb (Cobb), provide IT consulting services to the hospitality industry.

2. Defendant Alku LLC (Alku) is a Massachusetts limited liability company with a principal place of business at 200 Brickstone Square #503, Andover Massachusetts. Alku recruits companies and individuals to provide project consulting services to its customers.

### JURISDICTION

3. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00 and is between Foodxpertise, a citizen of California, and Alku, a citizen of Massachusetts. The Agreement between the parties also specifies that all claims arising from it are subject to the exclusive jurisdiction of any state or federal court located in Massachusetts.

### FACTS

4. Defendant Alku recruited Adam Cobb and Foodxpertise to work on a project for Delaware North Companies, Inc. (Delaware North) implementing "Procure to

Pay" software which allows integration of business processes related to procurement and payment.

5. On August 22, 2018, Foodxpertise and Alku executed an independent contractor agreement (Agreement), attached as Exhibit A.

6. Per the Agreement, Foodxpertise agreed to provide services to Delaware North, referred to as Alku's "customer."  Per the Statement of Work (SOW) attached to the Agreement, the assignment was to begin on September 10, 2018 and last for six months.  Foodxpertise was to be compensated $80.00 per hour plus expenses, paid weekly by Alku.  The Agreement specified that only Adam Cobb, Foodxpertise's principal, would provide the services.  Agreement ¶3.  It was anticipated that Cobb, due to the nature of the foodservice business and the job description, would devote more than forty hours a week to the project, working either from California, traveling to Delaware North's locations across the US and/or at Delaware North's corporate office in Buffalo, New York.

7. In reliance upon the signed agreement, Cobb gave two weeks' notice to his $80,000 a year job on August 23, 2018 and obtained worker's compensation coverage, per paragraph nine of the Agreement, listing Alku as an additional insured.  Cobb also underwent a background check and drug screen.

8. The Agreement provides that Alku had the right to terminate the contract only "[i]f the Contractor shall fail to meet its responsibilities under this agreement" or otherwise breached the agreement.  Agreement ¶17.

9. Alku breached the Agreement on September 14, 2018 when recruiter Lisa Liberty called Adam Cobb on September 14, 2018 and told them that their customer, Delaware North, has reconsidered and would not be moving forward with the project.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Breach of Contract)

10. The foregoing allegations are hereby re-alleged and incorporated in the case of action.

11. Alku breached its contract with Foodxpertise by terminating the Agreement before the time had come for Foodxpertise to perform.  Foodxpertise had fulfilled its obligations under the Agreement in anticipation of providing the services requested.

12. Foodxpertise has been damaged by Alku's breach.

## SECOND CAUSE OF ACTION
### (Promissory Estoppel)

13. The foregoing allegations are hereby re-alleged and incorporated in the case of action.

14. Alku made a promise to Foodxpertise concerning a six-month project which it reasonably expected to induce action or forbearance on its part, and did induce Cobb, Foodxpertise's principal, to quit his full-time job to commit six months to the project.

15. Injustice can only be avoided by enforcement of the promise.

## PLAINTIFF DEMANDS A TRIAL BY JURY

WHEREFORE, Plaintiff requests that the Court:

1. Award damages as to Counts One and Two of the complaint.
2. Any other relief the Court deems just.

Respectfully Submitted,
Foodxpertise, LLC
By his attorneys

*/s/ John R. Bita III*
John R. Bita III (BBO # 667886)
Tempus Fugit Law LLC
183 State Street, FL 2
Boston MA 02109
617-752-2371
johnb@tflawllc.com

Dated: September 28, 2018